STATE OF MAINE
PISCATAQUIS, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO CV-08-012

LEON COUSINS
KARL COUSINS
EDWIN COUSINS,

Plaintiff,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

Defendant.

ORDER

RECEIVED & FILED

JAN 10 2011

PISCATAQUIS COUNTY
Clerk's Office

This defendant has filed a variety motions to have a default judgment set side and plaintiffs have objected. The Clerk entered default against the defendant on July 15, 2009 because it failed to file an answer to the amended complaint in which it was a named defendant. The Court granted default judgment in this case in the amount of $101,530.09 on December 2, 2009, after holding a hearing on damages. To decide the issues raised in these motions the Court must review all service of process materials.

Initially, service was attempted in New York when a process server served "Deutsche Bank AG" a copy of a summons and complaint. His affidavit of service is captioned with "Deutsche Bank AG" as defendant and he indicates that he served the annexed summons and amended complaint on "Deutsche Bank AG". The summons that he served indicated that the defendant was "Deutsche Bank Inc." and it is not clear what else was served because the amended complaint annexed to the affidavit, as supplied to the Court, was not an amended complaint but only a foreclosure deed indicating a transaction involving "Deutsche Bank National Trust Company." At the time of this service, the plaintiff had already amended its complaint with leave of Court once, and had filed a second motion to amend the present complaint by adding

"Deutsche Bank National Trust Company" to the litigation. The second motion to amend had not been granted when the first attempted service was made.

After no timely answer was filed, the plaintiff requested that the Court enter a default. After reviewing the materials relevant to service, the Court noticed that service had been made prior to the granting of the motion that added this party and noticed that it wasn't clear what was served upon this defendant. The Court requested that plaintiff's counsel supply the Court with an explanation of how the Court could default the defendant when it was served with the amended complaint, arguably, prior to the granting of the related motion to amend the complaint. Plaintiff's counsel responded by notifying the Court that it was withdrawing its request for default judgment and would re-serve this defendant.

After the Court granted the motion to amend, the same process server attempted service again. He indicated in a document, captioned with "Deutsche Bank Inc." as the defendant, that he served the "annexed summons, motion to amend the complaint, and amended complaint upon Deutsche Bank Inc." The caption of the annexed summons indicates that the defendant is "Deutsche Bank Inc." while the annexed motion to amend and amended complaint identify the defendant as "Deutsche Bank National Trust Company." Again, there was no answer and the Court entered the default and default judgment described above.

From the pleadings, the Court finds that "Deutsche Bank Inc." does not exist and that "Deutsche Bank AG" is a parent company of "Deutsche Bank National Trust

2

Company." "Deutsche Bank AG may properly served at the address in New York used for service by the process server in this case.[1]

The Court finds that the first attempt at service was ineffective. Apart from the interesting issue of whether effective service requires that service be made only after the motion to amend to add an additional party is granted, it is unclear what was served upon "Deutsche bank AG." The summons improperly referred to "Deutsche Bank Inc." and it is unknown whether, in fact, an amended complaint was served. Apparently, plaintiff's counsel agreed, arranging to serve this defendant again.

The second attempt at service is problematic as well. This time, the process server served a summons containing "Deutsche Bank Inc." in the caption upon "Deutsche Bank Inc.", an entity that does not exist. The fact that what was served may have been served at the correct location for "Deutsche Bank AG", that AG is the parent company of Deutsche bank National Trust Company, and that the complaint and motion properly referenced the latter company, does not alter the fact that the wrong entity, Deutsche Bank Inc., was being served.

Finally, the plaintiff argues that correspondence that it received from "Deutsche Bank", dated April 29, 2009, twenty-two days after the second attempt at service, indicates that the correct entity became aware of the complaint and that service was effective. That letter, from a person in the trust administration department, referenced receipt of a motion to amend complaint only and refers to what was received as "correspondence", not demonstrating that an amended complaint was actually served

---

[1] Although the attorney for the defendant submitted evidence concerning the identity of the registered agent in California, who was not served, there are other ways to serve a domestic corporation. *See* M.R.Civ. P. 4(d)(8). The process server certified that he made service on AG at the New York address.

upon the employer of the sender of the letter. The fact remains that the process server's return indicates service on the wrong (non-existent) entity.

The Court recognizes the existence of a meritorious defense, based on the materials submitted.

Defense counsel has filed a limited appearance to file a motion to set aside a default and default judgment, a motion for relief from judgment, a motion to file late answer, and a motion to dismiss under M.R.Civ. P. 12 (b)(4)(5)(6) and (7). This appears to be a bit ambitious. The Court cannot grant the Rule 12 motions because there is no pending case to which they can apply, judgment having been already entered against defendant. They could only be prosecuted if the present judgment were set aside, and, with regard to the 12(b)(7) motion, after discovery had been conducted. The Court denies the Rule 12 motions. Although there may be esoteric distinctions to be made between the necessary grounds for a motion to set aside default and default judgment and the grounds for a motion for relief from judgment the Court grants these motions and vacates the default judgment. There may be an argument that plaintiff must now accomplish successful service upon defendant, but the defendant has requested time to file an answer and that motion is granted. The Court Orders that the answer be filed within 21 days. The defendant can re-file the Rule 12 motions if it desires to do so.

The order is:

Motion to set aside default and default judgment, to file late answer, Granted.

Motion for relief from judgment Granted.

Motions pursuant to M.R.Civ.P. 12 Denied.

Dated: January 6, 2011

WILLIAM ANDERSON

JUSTICE, SUPERIOR COURT